**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMMAR KADHIM-SHUDAYER AL-SAADY

      Petitioner,                Civil No. 2:13-CV-15097
                                   HONORABLE NANCY G. EDMUNDS
v.                              UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ammar Kadhim-Shudayer Al-Saady, ("petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and felony-firearm, M.C.L.A. 750.227b.  For the reasons stated, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was charged with one count of first-degree felony murder, one count of first-degree home invasion, one count of assault with intent to do great bodily harm less than murder, one count of felonious assault, one count of felony-firearm, several counts of armed robbery, and several counts of unlawful imprisonment.

Petitioner pleaded guilty to a reduced charge of second-degree murder and the felony-firearm charge in exchange for dismissal of the remaining charges.  The parties also agreed that petitioner would receive 28-60 years on the second-degree murder conviction

1

and serve the consecutive 2 year sentence on the felony-firearm conviction. (Tr. 5/14/12, p. 4). Petitioner informed the judge under oath that he had discussed the plea negotiations at length with his attorney and understood the plea agreement. The judge advised petitioner of the constitutional rights that he was waiving by pleading guilty. Petitioner informed the judge that he had reviewed and signed a guilty plea form and understood its contents. Petitioner specifically denied that there were undisclosed promises or that he had been threatened or coerced into pleading guilty. (*Id.,* pp. 5-10). In making out a factual basis for the plea, petitioner told the judge that he went to the murder victim's address with three other people with the intent to commit an armed robbery. Petitioner told the judge he remained outside while his co-defendant, Mr. Ray, went inside the home. Although first denying that he had a gun, petitioner finally admitted being armed with a firearm and acknowledged that he intended to commit an armed robbery with Mr. Ray. Petitioner admitted that the homeowner was shot and killed during the robbery. (*Id.,* pp. 11-13).

Prior to sentencing, a pre-sentence investigation report was prepared. Petitioner made the following statement to the pre-sentence investigator concerning his description of the offense:

> I know I'm wrong. I want to tell the Prosecutor and the Judge the whole story. My codefendant threatened me and my girlfriend. He said his uncle works in the jail and they will kill me. I feel bad about what happened. He covered up for his real codefendant. I want to take my plea back. I want to sit down with the Prosecutor and talk to them. I want to take a lie detector test. It was two other people involved in this case. If they aren't prosecuted, they will commit more crimes. The victim's family was paid $120,000.00 as part of our culture. The black guy didn't have to pay because he does not have the same cultural beliefs. I don't want the lawyer who represented me. He told me to say I'm guilty before the family. I have proof about the real crime and I want to feel right about this and tell the truth.

(Pre-Sentence Investigation Report, p. 4).

2

At sentencing, petitioner indicated he wished to apologize to the victim's family and was told he would have a chance to do so. (Tr. 5/31/12, p. 5).  When petitioner was given a chance to allocute, petitioner told the judge he was sorry for what happened but had reasons for doing what he did.  Petitioner indicated that the victim's wife knew an unnamed perpetrator and that this individual was the person who had informed petitioner about the victim's house.  Petitioner stated that the victim's wife had gone and asked this man to give her $ 6,000.00.   Petitioner wanted to provide the judge or murder victim's wife with information about the involvement of other individuals in the crimes.  The judge told petitioner that he should relay this information to law enforcement authorities. (*Id.,* pp. 11-12, 14-18).  The judge sentenced petitioner in conformity with the plea and sentencing agreement. (*Id.,* p. 19).

Petitioner moved to withdraw his guilty plea, which was denied. *People v. Al-Saady,* No. 11-10643-01 (Third Judicial Circuit Court for the County of Wayne, Criminal Division, October 2, 2012).  Petitioner's conviction was affirmed on appeal. *People v. Al-Saady,* No. 314603 (Mich.Ct.App. February 28, 2013); *lv. den.* 494 Mich. 884; 833 N.W. 2d 928 (2013).

Petitioner seeks a writ of habeas corpus on the following ground:

> The trial court abused its discretion and committed clear error in denying Al-Saady's motion to withdraw his guilty plea before sentencing.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

Petitioner claims that he should have been permitted to withdraw his guilty plea because he was coerced into pleading guilty by his co-defendant and his attorney and because he is innocent of the charges.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 Fed. Appx. 515, 521 (6th Cir. 2013).

4

Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court.  *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps

5

by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any other promises had been made to get him to plead guilty.

Petitioner first argues that he was coerced into pleading guilty because his co-defendant threatened him and his girlfriend. Petitioner also claims that his trial counsel forced him to plead guilty.

Petitioner's claim that he was coerced into pleading guilty is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51. Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until months later in his motion to withdraw the

6

guilty plea and after he had been sentenced undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 Fed. Appx. 303, 309 (6th Cir. 2001).   Contrary to petitioner's assertion, petitioner did not inform the judge at sentencing that he had been forced into pleading guilty, nor did he even move to withdraw his plea at that time.   Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from the co-defendant or defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240-41.

Petitioner next contends that he should be permitted to withdraw his guilty plea because he is actually innocent of the murder.

A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).  Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003).  "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted).   The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *See Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).  Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.*   In fact, "[S]ome courts have held that the absence of a defendant's vigorous and repeated protestations of innocence support the denial of a motion to withdraw a guilty plea." *United States v. Baez,* 87 F. 3d 805, 809 (6th Cir. 1996).   A defendant's belated claim of innocence without more is insufficient to justify withdrawal of

7

a guilty plea. *See United States v. Gregory*, 41 Fed. Appx. 785, 792 (6th Cir. 2002).

Petitioner has presented no evidence to this Court that he is actually innocent of the crime.   A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008)*; See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to great weight").   There is no evidence that petitioner repeatedly protested his innocence.   Petitioner's conclusory and unsupported allegations that he was coerced into pleading guilty to "cover up" for the real defendant is insufficient to permit him to withdraw his guilty plea.   Petitioner clearly made out a factual basis for the charges at the plea hearing.   Petitioner is not entitled to withdraw his guilty plea on his claim of innocence, in light of the fact that petitioner stated under oath at his guilty plea hearing that he was guilty of participating in the crimes for which he was convicted. *See U.S. v. Young,* 310 Fed. Appx. 784, 793 (6th Cir. 2009). Petitioner's "self-serving" statement to the pre-sentence investigator "should not overcome the fact" that petitioner pled guilty before the state trial court and, under oath, explained his role in the crime. *See U.S. v. Graham*, 278 Fed. Appx. 538, 547-48 (6th Cir. 2008).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.   The Court will also deny a certificate of appealability to petitioner.   In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).   To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been

8

resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

DATED:September 3, 2014

9

CERTIFICATION

     I hereby certify that a copy of this Order was served upon the parties/counsel of record by electronic means and/or U.S. Mail on this 3rd day of September, 2014.


                                    s/ Carol J. Bethel
                                    Case Manager